**DEPARTMENT OF LABOR, V.I. EMPLOYMENT SECURITY,**
**Plaintiff**

v.

**CORNELL J. DAVIDSON, JR., V.I. ELECTRIC CO., INC.,**
**Defendant**

Civil No. 249/1988

Territorial Court of the Virgin Islands

Div. of St. Croix

September 27, 1990

VANNIE TAYLOR, ESQ., Assistant Attorney Department (Department of Justice), St. Croix, V.I., *for plaintiff*

ANTOINE L. JOSEPH, ESQ., St. Croix, V.I., *for defendant*

FINCH, *Judge*

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

This matter before the Court on defendant's motion to quash the certificate of Lien Judgment and writ of execution filed against the defendant, and to vacate the amount of unemployment insurance contribution assessed against defendant by the Department of Labor. For the reasons appearing below, the motion will be granted.

### II. FACTS AND PROCEDURE

The Commissioner of Labor pursuant to 24 V.I.C. § 309(e) assessed unemployment insurance contributions and interest against the defendant, Cornell J. Davidson, Jr., doing business as V.I. Electric Co., Inc. On March 13, 1988, the plaintiff, Department of Labor (hereinafter "Labor"), mailed notice of assessment to defendant's P.O. Box 705, Christiansted, St. Croix address. Defendant did not respond to the notice nor did he otherwise move for a hearing as

provided by § 309(e).[1] On April 14, 1988, Labor secured from the clerk of this Court a certificate for lien judgment for the amount of contributions and interest assessed, plus penalty. Labor thereafter filed a writ of execution against the defendant seeking attachment of lien on all property, personal and real, held by the defendant.

Testimony and arguments upon defendant's motion to quash were presented by both parties.[2] Halvar Hart, who was acting Chief of Tax for the Department of Labor, had mailed a demand letter to defendant's last known address for the purpose of notifying defendant of the assessment. Hart further testified that Labor allowed defendant fifteen days from the day the letter was mailed in which to respond to the commissioner's determination. After defendant had failed to respond within the prescribed time, Labor filed the certificate for lien judgment. The physical address of defendant's place of business was then placed on the certificate in order to facilitate service upon the defendant by the marshal's office.

Defendant has conceded that P.O. Box 705 is his mailing address, but has, however, contended that he had never received the demand letter said to have been sent by Labor. Defendant also stated that he was not aware of his right to challenge the assessment until after the time in which to appeal had elapsed. Additionally, he argues that Labor denied him due process of law in that Labor had failed to afford him a reasonable opportunity for a fair hearing in order to question the validity of the assessment and the appropriateness of the penalty and interest. Defendant's Affidavit.

---

[1] 24 V.I.C. § 309(e) provides:

*Assessments.* (1) If any employer files reports for the purpose of determining the amount of contributions due but fails to pay any part of the contributions or interest due thereon, or fails to file such reports when due, or files an incorrect or insufficient report, the Commissioner may assess the contributions or interest due on the basis of the information submitted by the employer or on the basis of an estimate as to the amount due and shall give written notice of such assessment to such employer. *Within fifteen days after such notice was mailed to the employer's last known address, or otherwise delivered to him, the employer may appeal to a hearing examiner setting forth the grounds for such appeal.* Proceedings on such appeal shall be had in accordance with the provisions of subsection (f) of this section.

[2] Because the record was devoid of information prior to the date of this hearing, the facts were gleaned from the testimony and argument presented by the parties during the hearing.

## DISCUSSION

■ Because 24 V.I.C. § 309(e) answers the questions raised in this matter, i.e., (1) whether defendant was entitled to notice of assessments and (2) whether such notice was actually given, the constitutional due process question is avoided.

■ ■ The discussion therefore begins with an examination of 309(e) as set forth in footnote 1 supra. The word "contributions" refers to unemployment insurance contributions in accordance with 24 V.I.C. § 308. The language of the statute is otherwise clear. The court need look no further than the words in interpreting § 309(e). Every clause and word of the statute must be given effect if possible. "The cardinal rule of statutory construction is to save not destroy." Zenith Radio Corp. v. Matushita Elect. Indus. Co., Ltd., 402 F. Supp. 244, 248 (E.D. Pa. 1975) (quoting United States v. Menasche, 348 U.S. 528, 538–539, 75 S.Ct. 513, 519–20, 99 L.Ed. 615 (1955)).

■ ■ Labor argues that mailing of the demand letter to defendant's last known address is sufficient for the purpose of service of notice. I disagree. This Court is not bound by the Commissioner's erroneous construction of the statute. Section 309(e) specifically mandates that an employer be given written notice of assessment by the Commissioner of Labor. This requirement serves two essential purposes: (1) to notify the employer of the assessment against him, and (2) to afford the employer an opportunity to contest the assessment by appeal to a hearing examiner.[3]

■ Defendant testified that he did not receive notice of the assessment by mail nor by any other means. There exists no evidence of record nor has plaintiff presented evidence to suggest that defendant did in fact receive the demand letter. It is a well settled principle that when a statute requires that written notice is to be given, but does not specify how it shall be given, the written notice is not effective until it is received. School Dist. Re-IIJ, ETC. v. Norwood, 644 P.2d 13 (1982).

■ Section 309(e) requires that "notice is to be mailed at the employer's last known address, or otherwise delivered to him." The

---

[3] Pursuant to 309(f), the hearing examiner is required to conduct the hearing consistent with the provisions of 306(c). 306(c) provides in part: "A reasonable opportunity for a fair hearing shall be promptly afforded to all parties at a time and place reasonably convenient to each of the parties."

first part of this phrase does not specify whether the notice should be made by ordinary mail, certified mail or registered mail. But it cannot be disputed that certified or registered mail would have been the preferred method to ensure the notice was actually received by the defendant.[4] Merely mailing the notice by ordinary mail, unless specifically authorized by statute, or actually received by defendant, will not suffice as an effective means of giving notice where the plaintiff knew the physical address of the defendant and the statute also provided for service by delivery. Labor had defendant's physical address and could have simply hand delivered the letter to defendant's place of business as it had done with the certificate for lien judgment.

Plaintiff next argues that a presumption of due receipt arises since the testimony of Mr. Hart indicates that the demand letter was mailed to P.O. Box 705, and that defendant has testified that his mailing address is in fact P.O. Box 705. Plaintiff attempts to substantiate this argument by proffering evidence of defendant's receipt of quarterly reports with regard to unemployment contributions. These reports were mailed to P.O. Box 705 and were received by defendant.

A presumption of receipt arises where proof is given that the letter has been duly mailed. However, this is a presumption of fact, not of law, and is not conclusive. This presumption is rebuttable by evidence showing that the letter was not in fact received. 29 Am. Jur. 2d Evidence § 198 (1967). Defendant's testimony under oath that the demand letter never reached him is sufficient to rebut the presumption of receipt.

Plaintiff finally contends that an irrebuttable presumption of receipt exists because the letter was never returned to the Department of Labor. This argument lacks merit. Accordingly, I hold that merely mailing the notice to the defendant's last known address, without more, does not measure up to the standard required by § 309(e). I further hold that any presumption of receipt was successfully rebutted by the testimony of defendant. The motion to quash the certificate of lien judgment and writ of execution shall be granted. Additionally, defendant shall be given a reasonable oppor-

---

[4] Lack of receipt of the notice is fatal to defendant's right to appeal to a hearing examiner within the fifteen day statutory time limit of § 309(e). The spirit of the statute will be defeated if Labor were permitted to only give symbolic notice to an employer where there exist inexpensive means, such as certified and registered mail to ensure that the notice was actually received by the employer.

tunity to appeal the Commissioner's determination with regard to the assessed contributions and interest.